IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TINA JEAN BONDS,** | ) |
| Plaintiff, | ) Case No. 7:21CV00212 |
| v. | ) **OPINION AND ORDER** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*John Osborne Goss,* GOSS & FENTRESS, PLC, Norfolk, Virginia, *for Plaintiff;* *Theresa A. Casey, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits under certain provisions of the Social Security Act (Act). The action was referred to United States Magistrate Judge Robert Ballou to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Ballou entered his 15-page Report on August 1, 2022, in which he recommended that the court affirm the Commissioner's decision denying benefits. On August 9, 2022, the plaintiff filed

written objections to the Report.  The defendant has not responded to the plaintiff's objections.  The matter is ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Under the Act, I must uphold the factual findings of the administrative law judge (ALJ) if they are supported by substantial evidence and were reached through application of the correct legal standard.  *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).  "[T]he threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed.  *See id.*  But I may not "reflexively rubber-stamp an ALJ's findings."  *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted).  "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions."  *Id.* (internal quotation marks and citations omitted).  To this end, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'"  *Brown v. Comm'r*, 969 F. Supp. 2d 433, 437 (W.D. Va.  2013) (citations omitted).

The plaintiff objects to the following aspect of the Report: Its finding that the ALJ properly evaluated the plaintiff's subjective complaints. Specifically, the plaintiff contends that the ALJ improperly applied legal standards by failing to show how her daily activities demonstrate inconsistency with the plaintiff's subjective complaints and explain how such activities demonstrate an ability to engage in sustained work activity throughout an eight-hour day.

Based upon my careful consideration of the objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. In assessing the credibility of plaintiff's subjective complaints, the ALJ properly (1) considered the objective medical evidence in determining that the plaintiff's medical impairments reasonably could have produced the symptoms alleged and (2) evaluated the intensity and persistence of the plaintiff's symptoms in determining the extent to which the symptoms limited the plaintiff's ability to work. *Ladda v. Berryhill*, 749 F. App'x 166, 170 (4th Cir. 2018) (unpublished). In doing so, the ALJ considered "all relevant evidence in the record, including medical records, reports of daily activities, and 'effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). The ALJ adequately explained that the plaintiff's "statements regarding the extent to which the symptoms affected his

ability to work were not fully credible when compared with other evidence on the record," *id.*, including not only the plaintiff's daily activities, but also her medical records and the opinions of state agency psychologists.

Moreover, the ALJ did acknowledge the extent of the activities described by the plaintiff and did not reject evidence indicating an inability to perform sustained, full-time work as the ALJ did in *Brown*. 873 F.3d at 257, 261, 263, 266. Rather, the ALJ considered the plaintiff's reports of daily activities and her other subjective complaints in conjunction with other evidence indicating limited attention and concentration and issues with interacting with others, and he accommodated such limitations by restricting her work to simple tasks accounting for only two hours of sustained concentration with limited interactions with coworkers and supervisors, and no interactions with the public. The ALJ also accommodated the plaintiff's complaints regarding physical pain by restricting her work to light exertion work and downgrading her fingering to frequent.

Therefore, I find that substantial evidence supports the Commissioner's decision and that such decision was reached through the application of correct legal standards.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's Objection, ECF No. 26, is DENIED;

- 5 -

    2.       The magistrate judge's Report and Recommendations, ECF No. 25, is fully ACCEPTED;

    3.       The plaintiff's Motion for Summary Judgment, ECF No. 22, is DENIED;

    4.       The Commissioner's Motion for Summary Judgment, ECF No. 23, is GRANTED; and

    5.       A separate final judgment will be entered herewith.

ENTER: September 1, 2022

/s/  JAMES P. JONES  
Senior United States District Judge